## HALSTEAD v. SCHNITZPAHN.

(Supreme Court, Special Term, Erie County.  April 13, 1915.)

SPECIFIC PERFORMANCE ⊚═══108—INJUNCTION PENDENTE LITE—GROUNDS—IR-
REPARABLE INJURY.

In an action for the specific performance of a written contract, by
which defendant agreed to furnish plaintiff with certain patented devices
at a fixed price and plaintiff agreed to equip a sales office for placing the
device on the market and to take 200 of them within six months and 600
within a year and which recited a consideration, allegations that defend-
ant's refusal to perform would cause plaintiff irreparable loss, without
allegation of defendant's insolvency, and that it would be difficult to es-
tablish the measure of damages if there was no specific performance, did
not show facts from which irreparable injury would follow, so as to jus-
tify an injunction pendente lite.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 353;
Dec. Dig. ⊚═══108.]

Action by Leon A. Halstead against Oscar E. Schnitzpahn in which
plaintiff moved for an injunction pendente lite. Temporary injunction
vacated, and motion denied.

John M. Keyes, of Buffalo, for plaintiff.
Klein & James, of Buffalo, for defendant.

WOODWARD, J.  The plaintiff brings this action to compel the
specific performance of a contract for the furnishing of a mechanical
device known as "Cointex." The plaintiff and defendant entered into
a written contract under seal, by the terms of which the defendant
agreed to furnish the plaintiff with the patented devices at $7 each.
The plaintiff agreed to equip an office and to perform the necessary
work of placing these devices upon the market, and to take 200 of
them within six months from the date of the contract, and 600 within
a period of one year. The contract, which is under seal, recites a
consideration of $2,000 and "other good and valuable considerations,
each to the other in hand paid, the receipt of which is hereby acknowl-
edged," and the theory of the plaintiff appears to be that this was not
the real consideration—that the true consideration was the contract on
his part to vend the articles and to purchase the same from the de-
fendant at the stipulated price.

Just what particular difference it makes what the real consideration
was, so long as there is a consideration to support the contract, does
not suggest itself. The only question important here is whether the
temporary injunction should be continued during the pendency of the
action, and I am unable to discover from the pleadings and the af-
fidavits any reason to apprehend that the plaintiff will suffer any dam-
ages which may not be properly ascertained and adjusted upon the
trial of the action, without the aid of an order of injunction. The
complaint alleges, among other things, that "should this defendant
be allowed to refuse to perform his part of the agreement, to wit, sup-
plying this plaintiff with the Cointex device and improvements thereon,
in accordance with the terms and conditions set forth in said contract,

this plaintiff will suffer irreparable loss"; but there is no allegation that the defendant is insolvent, or that he is in any wise incapacitated to respond in damages, and the mere fact that the plaintiff concludes that "it would be difficult to establish the measure of damages, which this plaintiff will suffer if the defendant be not compelled to specifically perform his obligations under said contract," does not meet the requirement of showing to the court the facts from which the inference of irreparable injury will proceed.

While the prospects of large profits in vending patented articles is most alluring, the experiences of mankind do not justify the courts in taking judicial notice that any man will be irreparably injured by reason of not having a constant supply of a comparatively new and untried invention at his disposal, and there is no allegation here that there is any market for this particular device, or that the plaintiff has any prospects of selling the number which he demands shall be supplied under the provisions of the contract, or any other number. It seems to me that the moving papers do not show a legitimate ground for continuing the injunction, its proper purpose being to protect litigants against fruitless judgments or public mischiefs, rather than providing extraordinary remedies for contracts of a speculative nature.

The temporary injunction should be vacated, and the application of the plaintiff to make the injunction cover the period of the litigation should be denied, with $10 costs of this motion to the defendant.